[No. 20933. Department Two. March 22, 1928.]

Harry Karanzias, *Appellant*, v. Oscar Chester *et al.*, *Respondents.*[1]

[1] Bankruptcy (6-1)—Estoppel (35)—Sales Free From Liens—Failure to Assert Title. A disclaimer by a chattel mortgagee, filed in the bankruptcy court, upon the trustee's claim that the mortgage was executed less than four months before the adjudication of bankruptcy, waiving and releasing all interest by virtue of the mortgage, estops him from asserting its validity against purchasers at the trustee's sale free from liens.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered June 11, 1927, upon sustaining a motion of defendants for judgment on the pleadings. Affirmed.

*George T. Swasey* and *A. E. Rice,* for appellant.
*John J. Langenbach,* for respondents.

Askren, J.—For some time prior to October 1, 1926, one George Hanges was engaged in the grocery busi-

¹Reported in 265 Pac. 158.

ness in the city of Raymond. He became indebted to
his brother-in-law Harry Karanzias, and executed in
his favor a chattel mortgage on the general stock of
groceries and the fixtures therein, dated September
21, 1926. On September 30, 1926, the Pacific Fruit &
Produce Company sued Hanges on a past due account,
and a writ of attachment issued and the sheriff took
possession thereunder. On November 8, 1926, Hanges
filed a voluntary petition in bankruptcy, and was, on
the same date, adjudged a bankrupt.

When the trustee in bankruptcy qualified, the sheriff
and the Pacific Fruit & Produce Company surrendered
possession of the chattels to the trustee. Thereupon
the trustee petitioned the bankruptcy court for an
order permitting him to sell the chattels free from any
lien under the mortgage in favor of Karanzias. The
petition alleged that the mortgage was given for a
past due indebtedness; that less than four months had
elapsed from the date of the execution of the mortgage
and the adjudication of bankruptcy, and that it would
result in a preference to the mortgagee, contrary to
the bankruptcy law. A show cause order was issued
to Karanzias, and on the 29th day of November, 1926,
he filed a petition disclaiming any right to the property
as secured creditor, and waived and released "all right,
claim or interest in and to said property under and by
virtue of said mortgage and authorizes the discharge
of the same." Whereupon the trustee ordered the
chattels sold clear of the mortgage, and they were sold
to the plaintiff.

About four days after the sheriff had attached the
chattels in the suit brought by the produce company
against Hanges, Karanzias began this action against
the sheriff and the produce company, alleging that he
was in possession under his mortgage at the time of

the attachment, and that the taking possession by the sheriff constituted a conversion of the property, and asked for damages in the sum of $3,500.

Answer was filed in March, 1927, setting up the acts which we have here detailed, viz., the disclaimer and waiver of any right under the mortgage, and the surrender of possession by the produce company to the trustee in bankruptcy, and the sale by that officer to Karanzias. Reply was filed and in due time motion was made for judgment on the pleadings, which resulted in favor of the defendants, and this appeal followed.

The trial court held that there were two valid objections to appellant's claim: First, that by releasing to the trustee and waiving all claim under the mortgage he became estopped to assert its validity against the respondents; and secondly, that since respondents surrendered the chattels to the trustee they would not be required to pay for them on the theory of conversion, and yet obtain neither the chattels nor their equivalent.

While either ground is apparently strong enough to enable respondents to prevail, we think a brief discussion of the first will establish the correctness of the court's judgment.

[1] Assuming the validity of the mortgage on a shifting stock of merchandise because of the claimed possession of the mortgagee, it becomes apparent that, to maintain this cause of action, the appellant should show that he held under a valid mortgage which, if he recovered under a claim of conversion, would inure to the benefit of the one charged with converting, and at least give the one so charged the same right to the property that he had. *Backus v. West,* 104 Ore. 129, 205 Pac. 533; *Haas v. Sackett,* 40 Minn. 53, 41 N. W.

237, 2 L. R. A. 449; 38 Cyc. 2112. The facts we have here set out show that, instead of maintaining any right under the mortgage, he voluntarily waived it in the bankruptcy court and effectually prevented the respondents from receiving any right or possession under it. To state the matter more simply: Let us assume that A claims to be the owner of a horse and that B, in the enforcement of a debt against him, attaches the horse and takes possession of it. Thereafter C brings an action to establish the fact that A has no title to the horse in the first instance, and that A thereupon files a disclaimer of any right to the horse, and B delivers the horse to C. Can A then sue B for conversion, when by his own act he permitted C to hold the horse as against B? We think the question argues itself.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.